(81 South. 399)

No. 21868.

S. BARTOLOTTA & CO. v. THEIR CREDITORS.

(March 31, 1919.)

*(Syllabus by Editorial Staff.)*

1. BANKRUPTCY ⊂⇒20(1)—RESPITE PROCEEDINGS IN STATE COURT — EFFECT OF BANKRUPTCY.

In respite proceedings against creditors, judgments condemning plaintiffs to furnish bonds to two creditors who had not consented to the respite granted by the court were not money judgments against plaintiffs, and did not affect their property, and the state courts were not ousted of jurisdiction of the cases and plaintiffs' appeals therein by the subsequent proceedings of plaintiffs in the bankruptcy court.

2. INSOLVENCY ⊂⇒142 — RESPITE PROCEEDINGS—SECURITY TO CREDITORS—STATUTE.

Under Act No. 134 of 1888, in respite proceedings creditors not assenting thereto may require security to be furnished by their debtors, that the property which is left in their possession shall not be alienated, or, if it is, that the money arising from its sale or mortgage shall be employed in paying ratably debts existing at time of respite.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Respite proceedings by S. Bartolotta & Co. against Their Creditors. From judgments condemning them to furnish bonds to two of the creditors, plaintiffs appeal. Affirmed.

Anthony J. Rossi, of New Orleans, for appellants.

John Wagner, of New Orleans, for appellees Leon J. Tujague and Loubat Glassware & Cork Co.

SOMMERVILLE, J. Plaintiffs appeal from judgments condemning them to furnish bonds to two of their creditors who had not consented to the respite granted them by the court.

Plaintiffs have made no argument in support of their appeals, but have suggested that they were adjudicated bankrupts and have been discharged as such since the rendition of the judgments appealed from; that the question as to whether plaintiffs should furnish bonds to two of their creditors, appellees, is now a moot question; that the case should be remanded for evidence on the matter of their bankruptcy; and that this appeal should be dismissed in due course.

[1] The judgments appealed from are not money judgments against plaintiffs, and they do not affect their property. The judgments are merely orders to plaintiffs to furnish security to two of their creditors. The state courts have not been ousted of jurisdiction of the cases by the subsequent proceedings of plaintiffs in the bankruptcy court. The motion to dismiss is overruled.

[2] The law is clear that in respite proceedings the creditors not assenting thereto may require security to be furnished by their debtors that the property which is left in their possession shall not be alienated, or, in case it is, that the money arising from the sale or mortgage of the same shall be employed in paying ratably the debts existing at the time of the respite. Act No. 134 of 1888, p. 191.

The judgments appealed from are in accordance with the statute, and they are affirmed, at the cost of appellants.